J-A07030-19

2019 PA Super 145

| R.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.A., | : | |
| | : | |
| Appellant | : | No. 2740 EDA 2018 |

Appeal from the Order Entered August 28, 2018
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2018-FC-0597

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY DUBOW, J.:                                    **FILED MAY 03, 2019**

Appellant, M.A., who is the biological mother of V.L. ("Child"), appeals from the August 28, 2018 Order, which awarded shared legal and physical custody of Child to Appellant and R.L., Child's non-biological mother and Appellant's former paramour.  Upon careful review, we affirm.

The relevant factual and procedural history is as follows.  Appellant and R.L. were involved in a committed romantic relationship in 2012 when they made a decision together to conceive Child by impregnating Appellant via artificial insemination using sperm from R.L.'s brother.  The couple planned and prepared for Child's birth together, including decorating a nursery and shopping for baby supplies.  R.L. was present at Child's birth, R.L. chose Child's first name, and the couple decided together to give Child R.L.'s surname.  Soon after Child's birth, the couple broke up.

_____
*   Former Justice specially assigned to the Superior Court.

Under an informal agreement, Child lived with Appellant and spent every other weekend with R.L. until June 2014, when Appellant and R.L. agreed to share 50/50 custody of Child. Child spent alternating weeks with Appellant and R.L. until an incident in February 2018, when R.L. called the daycare where Appellant worked and Child attended. R.L. complained that Appellant was having too much contact with Child, including taking Child off the premises during the day. As a result of the phone call, Appellant stopped the weekly custody rotation.

On May 10, 2018, R.L. filed a Complaint for Custody of then-5-year-old Child. On June 29, 2018, after a hearing, the trial court granted R.L. "*in loco parentis*" status, and therefore standing, to pursue any form of physical or legal custody of Child pursuant to 23 Pa.C.S. § 5324(2).[1] On August 23, 2018, after a pre-trial conference, the trial court held a custody hearing.

---

[1] "The term *in loco parentis* literally means in the place of a parent." **M.L.S. v. T.H.-S.**, 195 A.3d 265, 267 (Pa. Super. 2018) (citation and quotation omitted). Section 5324, *inter alia*, grants standing to file an action for any form of custody to "[a] parent of the child" or "[a] person who stands *in loco parentis* to the child[.]" 23 Pa.C.S. §§ 5324(1), (2). We acknowledge that the trial court's June 29, 2018 Order did **not** grant R.L. standing to pursue custody as a parent pursuant to Section 5324(1) despite the Custody Complaint averring: 1) R.L. and Appellant planned to conceive Child together and they were involved in an intimate relationship prior to, during, and after Child's birth; 2) Child has been living with R.L. every other week for most of his life; 3) Child calls R.L. Mother and they have a parent/child bond; and 4) R.L. has acted as a parent to Child for Child's entire life. **See** Order, 6/29/18; Custody Complaint, 5/10/18, at ¶¶ 4, 5. Rather, the Order only granted R.L standing to pursue custody *in loco parentis* pursuant to Section 5324(2). R.L.

On August 28, 2018, the trial court awarded Appellant and R.L. shared legal and physical custody of Child, and, *inter alia*, ordered Child to spend alternating weeks with Appellant and R.L. On the same day, the trial court issued a Memorandum of Factors, which reviewed and made findings regarding the 23 Pa.C.S. § 5328 Custody Factors. This timely appeal followed.[2]

_____

failed to challenge this Order. Accordingly, we are constrained to review this case pursuant to R.L.'s *in loco parentis*, or third party, status.

We recognize that our Supreme Court has recently declined to expand the definition of the term "parent" under Section 5324(1) in a case where a biological mother's same-sex unmarried former partner sought standing as a "parent," when the former partner did not jointly participate in the child's conception and hold the child out as her own. **See C.G. v. J.H.**, 193 A.3d 891, 906 (Pa. 2018). The Court recognized that Section 5324 does not define the term parent and acknowledged, "the reality of the evolving concept of what comprises a family cannot be overlooked." **Id.** at 900. However, bound by the trial court's findings that the former partner did not intend to conceive the Child, the Court concluded, "this case does not provide this Court with a factual basis on which to further expand the definition of the term parent under Section 5324(1)." **Id.** at 906.

Here, R.L. **did** intend to conceive Child and **did** hold Child out as her own. Nevertheless, even though this case might provide a factual basis on which to expand the definition of the term "parent" under Section 5324(1), that issue is not before us and, as stated above, we are constrained to review this case treating R.L. as a third party rather than a parent. We, however, agree with the Supreme Court that the evolving nature of family relationships requires the appellate courts to re-examine the definition of "parent" under Section 5324(1).

[2] The instant appeal is a children's fast track case. When Appellant filed a Notice of Appeal, she failed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and Pa.R.A.P. 905(a)(2) or provide notice of the appeal to the trial court judge pursuant to Pa.R.A.P. 906(a)(2). When the trial court learned of the appeal on October 2, 2018, the

Appellant raises the following issues on appeal:

[1.] Has the [nonparent] litigant met her burden of proof under [23 Pa.C.S. § 5327(b)] by presenting clear and convincing evidence that [nonparent] should have the same amount of physical custodial time as a parent in a case where the parent seeks primary physical custody of the child?

[2.] Did the Court err as a matter of law when it awarded equal physical custodial time to a parent and [nonparent] after weighing all relevant factors evenly between the parties in its Memorandum and Opinion?

Appellant's Brief at 3.

The Child Custody Act, 23 Pa.C.S. §§ 5321-5340, governs all custody proceedings commenced after January 24, 2011. *E.D. v. M.P.*, 33 A.3d 73,

_____

court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal within seven days. On October 10, 2018, Appellant filed a Concise Statement of Matters Complained of on Appeal. On October 22, 2018, the trial court filed a Pa.R.A.P. 1925(a) Opinion. Because Appellant failed to comply with Pa.R.A.P 1925(a)(2)(i) and Pa.R.A.P. 905(a)(2), Appellant's Notice of Appeal is defective. *See In re K.T.E.L.*, 983 A.d 745, 747 (Pa. Super. 2009) (holding that the failure of an appellant in a children's fast track case to file contemporaneously a concise statement with the notice of appeal pursuant to rules 905(a)(2) and 1925(a)(2), will result in a defective notice of appeal and the disposition of the defective notice of appeal will then be decided on a case by case basis). However, as Appellant's procedural misstep has not prejudiced the other party and does not impede our review of the matter, we decline to quash or dismiss this appeal for noncompliance. *See id. See also Coffman v. Kline*, 167 A.3d 772, 776 (Pa. Super. 2017), *appeal denied*, 182 A.3d 433 (Pa. 2018) (observing that when an appellant fails to serve the notice of appeal on the trial court judge per Rule 906(a)(2), this Court has discretion to take any appropriate action).

77 (Pa. Super. 2011). The Custody Act requires a trial court to consider all of the Section 5328(a) best interests factors when "ordering any form of custody." 23 Pa.C.S. § 5328(a). A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." *S.W.D. v. S.A.R.*, 96 A.3d 396, 401 (Pa. Super. 2014). *See also* 23 Pa.C.S. § 5323(a) and (d). However, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.*, 63 A.3d 331, 336 (Pa. Super. 2013).

"The paramount concern in child custody cases is the best interests of the child." *C.G. v. J.H.*, 193 A.3d 891, 909 (Pa. 2018). "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." *M.J.N. v. J.K.*, 169 A.3d 108, 112 (Pa. Super. 2017).

This Court reviews a custody determination for an abuse of discretion. *In re K.D.*, 144 A.3d 145, 151 (Pa. Super. 2016). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." *Id.* (citation omitted). Rather, "[a]ppellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will." *Id.*

Further, when this Court reviews a trial court's "best interests" analysis in custody matters, our scope of review is broad, but we are "bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (quotation and citation omitted). Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." *K.T. v. L.S.*, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can only interfere where the "custody order is manifestly unreasonable as shown by the evidence of record." *Saintz*, 902 A.2d at 512 (citation omitted).

In her first issue, Appellant avers that R.L., the non-biological mother, did not present clear and convincing evidence that she should have equal custodial time as Appellant, the biological mother. Appellant's Brief at 6-7. Appellant argues that 23 Pa.C.S. § 5327 requires a trial court to apply a presumption in favor of a "biological parent" as opposed to a "nonparent litigant" and that R.L. did not meet her burden of proof to overcome the presumption in favor of Appellant. *Id.* at 7. Appellant argues that the "scale was already tipped hard" to Appellant before the trial and that it was R.L.'s burden as a nonparent litigant to "tip the scale in favor of [R.L.]" rather than "tip the scale only to equal" in order to obtain shared physical custody with

equal custodial time. *Id.* Finally, Appellant asserts that the trial court erred when it considered the previous informal custody arrangement between Appellant and R.L as dispositive evidence in determining whether R.L. met her burden of proof. *Id.* For the following reasons, Appellant is not entitled to relief.

The parent has a *prima facie* right to custody, "which will be forfeited only if convincing reasons appear that the child's best interest will be served by an award to the third party." *V.B. v. J.E.B.*, 55 A.3d 1193, 1199 (Pa. Super. 2012) (quoting *Charles v. Stehlik,* 744 A.2d 1255, 1258 (Pa. 2000)). Section 5327 of the Custody Act pertains to cases "concerning primary physical custody" and provides that, "[i]n any action regarding the custody of the child between a parent of the child and a nonparent, there shall be a presumption that custody shall be awarded to the parent. The presumption in favor of the parent may be rebutted by clear and convincing evidence." 23 Pa.C.S. § 5327(b). This Court has defined clear and convincing evidence "as presenting evidence that is so clear, direct, weighty, and convincing so as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." *M.J.S. v. B.B. v. B.B.*, 172 A.3d 651, 660 (Pa. Super. 2017) (citations and internal quotation marks omitted).

Accordingly, "even before the proceedings start, the evidentiary scale is tipped, and tipped hard, to the biological parents' side." *V.B.*, 55 A.3d at 1199 (quoting *Charles,* 744 A.2d at 1258). When making a decision to award

**primary** physical custody to a nonparent, the trial court must "hear all evidence relevant to the child's best interest, and then, decide whether the evidence on behalf of the third party is weighty enough to bring the scale up to even, and down on the third party's side." ***Id.*** (quoting ***McDonel v. Sohn,*** 762 A.2d 1101, 1107 (Pa. Super. 2000)).

These principles do not preclude an award of custody to the nonparent but simply instruct the trial court that the nonparent bears the burden of production and the burden of persuasion and that the nonparent's burden is heavy. ***Jones v. Jones***, 884 A.2d 915, 918 (Pa. Super. 2005). It is well settled, "[w]hile this Commonwealth places great importance on biological ties, it does not do so to the extent that the biological parent's right to custody will trump the best interests of the child. In all custody matters, our primary concern is, and must continue to be, the well-being of the most fragile human participant—that of the minor child." ***Charles***, 744 A.2d at 1259. "Once it is established that someone who is not the biological parent is ***in loco parentis,*** that person **does not need to establish that the biological parent is unfit***,* but instead must establish by clear and convincing evidence that it is in the best interests of the children to maintain that relationship or be with that person." ***Jones***, 884 A.2d at 917 (emphasis in original).

The crux of Appellant's first argument is that R.L. failed to present clear and convincing evidence to rebut the statutory presumption in favor of

awarding primary physical custody to Appellant as opposed to R.L. Appellant's Brief at 7-8.

Instantly, R.L. filed a Custody Complaint seeking shared physical and legal custody, to memorialize the informal custody agreement that had been in place between her and Appellant for several years. In response, Appellant stated on the record that she was seeking primary physical custody. N.T. Custody Hearing, 10/16/18, at 100-01. The trial court recognized a statutory presumption in favor of Appellant but made a finding that "R.L. rebutted that presumption by evidence that was so clear and convincing based upon the undisputed decisions regarding custody that the parties had made together both prior to and following their separation." ***See*** Trial Court Opinion, filed 10/22/10, at 6. The trial court found R.L.'s testimony to be credible that Appellant and R.L. had an informal agreement to share physical custody of Child on a weekly rotation from June 2014 until February 2018. ***Id.*** at 7. The trial court made a finding that Child had been thriving in this 50-50 custody arrangement for 70% of his life, and that the only reason Appellant discontinued the week-to-week arrangement was because Appellant was upset when R.L. contacted Appellant's place of employment. ***Id.*** at 7-8. Accordingly, the trial court found that the "evidence and testimony was clear, direct, weighty, and convincing" that "the scale was tipped to even between R.L. and [Appellant]" and Child's "best interest had been served for the majority of his life by implementing the week-to-week physical custody." ***Id.***

at 7, 11. Based on these findings, which are supported in the record, the trial court awarded shared physical and legal custody of Child to R.L. and Appellant.

Appellant argues that the court applied the incorrect burden when it only required R.L. to present clear and convincing evidence to "tip the scale only to equal" rather than "tip the scale in favor of [R.L.]" prior to awarding shared physical custody. *Id.* at 10. The trial court opined:

> The parents have a *prima facie* right to custody, which will be forfeited only if convincing reasons appear that the child's best interest will be served by an award to the third party. Thus, even before the proceedings start, the evidentiary scale is tipped, and tipped hard, to the biological parents' side. In a case of shared physical custody, this [c]ourt views the scale analogy as placing the burden on the non-biological parent to tip that scale to equal. It is not believed that the burden was for the non-biological parent to tip the scare down farther than equal, as that may we result in an award of primary physical custody to the non-biological parent[.]

Trial Court Opinion, filed 10/22/18, at 5-6. We agree.

Indeed, this Court has long required a trial court to "decide whether the evidence on behalf of the third party is weighty enough to bring the scale up to even, and down on the third party's side" prior to awarding **primary** physical custody to a nonparent. *See V.B.*, 55 A.3d at 1199. *See also Charles*, 744 A.2d 1255 (upholding award of primary physical custody to stepfather instead of father following mother's death); *McDonel*, 762 A.2d at 1107 (upholding award of primary physical custody to maternal aunt and uncle instead of father following mother's death); *Jones*, 884 A.2d at 918 (upholding award of primary physical custody to non-biological mother of

- 10 -

children born to same-sex partners by artificial insemination). However, Appellant has failed to cite any legal authority that requires a third party to tip the scale in their favor prior to awarding **shared** physical custody. Our precedent merely requires the scale to tip to the third party's side prior to awarding **primary** physical custody to the third party and, thus, we find no error in the trial court's finding that, in this case, when the scale was "tipped to even," an award of shared legal custody was in Child's best interest.

Finally, Appellant argues that the "previous informal arrangement between the parties should not be dispositive in determining whether [R.L.] met her burden" and challenges the weight that the trial court placed on this evidence. Appellant's Brief at 11. The trial court engaged in an analysis of the Section 5328 custody factors and the record supports the trial court's findings. As stated above, on issues of credibility and weight of the evidence, we defer to the findings of the trial judge. **See K.T.**, 118 A.3d at 1159. Accordingly, we find no error.

The trial court applied the statutory presumption in favor of Appellant, found that clear and convincing evidence rebutted that presumption, found that shared physical and legal custody was in Child's best interest, and awarded shared physical and legal custody to Appellant and R.L. The record supports the trial court's findings. Accordingly, Appellant is not entitled to relief on her first issue.

In her second issue, Appellant avers that the trial court erred in awarding shared physical custody when the trial court determined that all of the Section 5328 factors weighed evenly between the parties because the court is required to apply a presumption in favor of Appellant. Appellant's Brief at 12-17. Appellant further argues that the record is devoid of evidence that she is unable to care for Child. *Id.* at 16.

Appellant fails to cite any authority to support her bald assertion that, because of the statutory presumption in favor of a parent, if all of the Section 5328 factors are equal, then a parent should automatically get primary physical custody of a child instead of a third party. On the contrary, in a custody dispute, the best-interests standard is decided on a **case-by-case** basis and "considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." ***M.J.N.***, 169 A.3d at 112.

Once the trial court granted R.L. *in loco parentis* status, R.L. did not need to establish that Appellant was "unfit" or deficient in any of the Section 5328 custody factors; R.L. merely needed to establish that it was in Child's best interest to maintain a relationship with her. ***See Jones***, 884 A.2d 917. Accordingly, Appellant's second issue lacks merit.

The trial court engaged in an analysis of the Section 5328 custody factors, applied the statutory presumption in favor of Appellant, found that clear and convincing evidence rebutted that presumption, found that shared

physical and legal custody was in Child's best interest, and awarded shared physical and legal custody to Appellant and R.L. The record supports the trial court's findings. Accordingly, we find no error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/19