J-A05029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| A.H. | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1434 WDA 2019 |

Appeal from the Order Entered September 10, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): FD 07-008810

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.: **FILED MARCH 10, 2020**

A.H. ("Father") appeals *pro se* from the September 10, 2019 order awarding D.D. ("Mother") primary physical custody of their daughters, G.H. and C.H. We affirm.

Mother and Father married in 2000, separated in 2007, and divorced in 2010. G.H. and C.H. were born of the marriage in July 2004, and November 2005, respectively. The trial court summarized the contentious custody litigation as follows:

> The case has a long and tortured history. Since separation, the parties had followed a 2-2-5-5 schedule with Mother having Monday and Tuesday and Father having Wednesday and Thursday. Throughout the early periods, the parties had constant disagreements about the children's activities, including payment for the activities. At some point, the [c]ourt curtailed Father's Sunday nights as there was evidence that the children were having trouble getting ready for school on Mondays. The original

---

[*] Retired Senior Judge assigned to the Superior Court.

custody trial was held in October 2016, and January 2017. Following the trial, the [c]ourt kept the physical shared custody order in place but granted Mother sole legal custody for all medical decisions and for educational, and extra-curricular activities. [The Superior Court affirmed the custody order, and our Supreme Court denied review.]

Father filed a Petition for Modification in [s]pring 2018 and a judicial conciliation was held in June 2018. At that time, the Court had grave concerns about Father's mental and emotional health and ordered Dr. Joseph A. Greenburg, [Ph.D.] of Allegheny Forensic Associates to conduct a full psychological evaluation as to Father. Dr. Greenburg had previously done a custody evaluation in this case for the prior trial. Mother filed a Petition for Modification in September 2018 based on the children's constant requests to limit their time with Father. Mother requested an emergency conciliation at that time to address the children's concerns about their custody time with Father. The children were extremely upset with the current custody arrangement and Mother requested that, at least on an emergency basis, the order be changed to Father having custody every other weekend.

The [c]ourt met *in camera* with each child separately. They expressed grave concerns about Father's behavior, including his obsession with their health, his unwillingness to let them spend time with friends, and his refusal to listen to them and consider their opinions. One child relayed sobbing sessions during which Father told them that Mother is "taking the children away from him." Both expressed a strong and unequivocal preference to live primarily with Mother and begged the [c]ourt to make the custody change. The [c]ourt entered an interim order changing Father's custody to every other weekend and set the matter for trial.

. . . Trial of the action was heard on October 29, 2018, December 5, 2018 and June 12, 2019. The children were interviewed on July 2, 2019. Dr. Greenburg filed his psychological evaluation on February 28, 2019. After considering all the testimony and evidence, the [c]ourt determined that it was in the best interest of the children to live primarily with Mother and for Father to have custody every other weekend. On September 10, 2019, the [c]ourt issued its Background and Order setting forth the reasoning for its decision including a detailed discussion of the sixteen custody factors which the [c]ourt is required to consider

when making a custody determination. The vast majority favored Mother.

Trial Court Opinion, 11/4/19, at 1-3 (italics supplied).

Father filed a timely notice of appeal and a Pa.R.A.P. 1925(b) statement that enumerated fifty-five assertions, including subparts, and an exhaustive criticism of the trial court's best-interest determination. The trial court issued a comprehensive opinion that condensed Father's rambling complaints into three manageable issues.

On appeal, Father presents thirty-four declarations, most of which are scurrilous accusations against the trial court, and renews his critique of the trial court's best-interest analysis. Father's brief at 8-13, 24-44. In contrast, Mother argues succinctly, "[t]he trial court carefully considered all testimony and weighed that against the 16 custody factors." Mother's brief at 8.

At the outset, we address whether Father's issues are preserved for our review. An appellant waives all matters for review where he identifies an excessive number of issues in the concise statement. **See Jones v. Jones**, 878 A.2d 86 (Pa.Super. 2005) (holding that a seven-page, twenty-nine issue statement resulted in waiver). While Rule 1925(b)(4)(iv) provides that the sheer number of issues is not sufficient grounds to find waiver "[w]here non-redundant, non-frivolous issues are set forth in an appropriately concise manner[,]" that concession does not negate the requirement that the Rule 1925 statement facilitate appellate review. **See also Kanter v. Epstein**, 866 A.2d 394, 401 (Pa.Super. 2004) (holding that "[b]y raising an outrageous

number of issues" in a Rule 1925(b) statement, an appellant impedes the trial court's ability to prepare an opinion addressing the issues on appeal, thereby effectively precluding appellate review). As outlined *supra*, the trial court was able to distill Father's litany of unfounded complaints into three lucid arguments concerning alleged due process violations, Mother's parental fitness, and parental alienation. Any claim asserted on appeal that is not subsumed within one of the foregoing arguments is waived.

We review the child custody order according to the following scope and standard of review:

> This Court reviews a custody determination for an abuse of discretion. *In re K.D.*, 144 A.3d 145, 151 (Pa. Super. 2016). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." *Id.* (citation omitted). Rather, "[a]ppellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will." *Id*.

*R.L. v. M.A.*, 209 A.3d 391, 395 (Pa.Super.2019).

> Moreover,
>
> on issues of credibility and weight of the evidence, we defer to the findings of the trial [court] wh[ich] has had the opportunity to observe the proceedings and demeanor of the witnesses.
>
> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa.Super. 2014) (citations omitted).

- 4 -

After a thorough review of the certified record, the parties' briefs, and the pertinent law, we discern no abuse of discretion on the part of the trial court as to the issues raised by Father, and we affirm the custody order on the basis of the cogent and well-reasoned opinion that the Honorable Kim D. Eaton entered on November 4, 2019.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2020

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

D██ D██████,

        PLAINTIFF

        VS.

A████████ H██████

        DEFENDANT

NO. F.D. 07-008810-006

1434 WDA 2019

OPINION

HONORABLE KIM D. EATON

COPIES SENT TO:

COUNSEL FOR PLAINTIFF:

CORY SIRI, ESQ.
2125 FREEPORT ROAD
NATRONA HEIGHTS, PA 15065

(724) 226-0671

DEFENDANT, PRO SE:



DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

FILED

2019 NOV -4 PM 2:36

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION



D██ D██████,

PLAINTIFF

VS.

A██████ H████,

DEFENDANT

NO. F.D. 07-008810-006

1434 WDA 2019

OPINION

Defendant/appellant A██████ H████ (Father) appeals this Court's Order dated September 10, 2019 granting plaintiff/appellee D██ D██████'s (Mother) request for modification of the shared custody order for the parties' two children, G████, DOB 7/█/2004 (age 15) and C███, DOB 11/█/2005 (age 13).

The case has a long and tortured history. Since separation, the parties had followed a 2-2-5-5 schedule with Mother having Monday and Tuesday and Father having Wednesday and Thursday. Throughout the early periods, the parties had constant disagreements about the children's activities, including payment for the activities. At some point, the Court curtailed Father's Sunday nights as there was evidence that the children were having trouble getting ready for school on Mondays. The original custody trial was held in October 2016, and January 2017. Following the trial, the Court kept the physical shared custody order in place but granted Mother

sole legal custody for all medical decisions and for educational, and extra-curricular activities. Father filed an appeal to the Superior Court, which affirmed the trial Court. His further appeal to the Supreme Court was denied.

Father filed a Petition for Modification in Spring 2018 and a judicial conciliation was held in June 2018. At that time, the Court had grave concerns about Father's mental and emotional health and ordered Dr. Joseph A. Greenburg, PhD of Allegheny Forensic Associates to conduct a full psychological evaluation as to Father. Dr. Greenburg had previously done a custody evaluation in this case for the prior trial. Mother filed a Petition for Modification in September 2018 based on the children's constant requests to limit their time with Father. Mother requested an emergency conciliation at that time to address the children's concerns about their custody time with Father. The children were extremely upset with the current custody arrangement and Mother requested that, at least on an emergency basis, the order be changed to Father having custody every other weekend.

The Court met in camera with each child separately. They expressed grave concerns about Father's behavior, including his obsession with their health, his unwillingness to let them spend time with friends, and his refusal to listen to them and consider their opinions. One child relayed sobbing sessions during which Father told them that Mother is "taking the children away from him". Both expressed a strong and unequivocal preference to live primarily with Mother and begged the Court to make the custody change. The Court entered an interim order changing Father's custody to every other weekend and set the matter for trial.

Trial was delayed when the Court-appointed expert filed his psychological report which was an "updated" custody evaluation rather than the psychological evaluation of Father that had

2

been ordered. Trial of the action was heard on October 29, 2018, December 5, 2018 and June 12, 2019. The children were interviewed on July 2, 2019. Dr. Greenburg filed his psychological evaluation on February 28, 2019. After considering all the testimony and evidence, the Court determined that it was in the best interest of the children to live primarily with Mother and for Father to have custody every other weekend. On September 10, 2019, the Court issued its Background and Order setting forth the reasoning for its decision including a detailed discussion of the sixteen custody factors which the Court is required to consider when making a custody determination. The vast majority favored Mother.

Father timely appealed. The Court issued an order pursuant to Pa.R.A.P. 1925(b) directing Father to file a Concise Statement of Matters Complained of on Appeal (Statement). Pa.R.A.P. 1925(b)(4) provides that the Statement shall set forth only those errors that the appellant intends to assert and concisely identify each error with sufficient detail to identify the issue to be raised for the judge. Pa.R.A.P. 1925(b)(4)(i)(ii).

On October 2, 2019, Father filed a ten-page document which purported to raise fifty-two enumerated matters, including sub-parts, and included a lengthy narrative of how the Court erred in its findings as to each of the 16 custody factors. Pa.R.A.P. 1925(b) is not satisfied by simply filing any Statement. Rather, the Statement must be sufficiently "concise" and coherent to permit the trial court to understand the specific issues being raised on appeal. Kanter v. Epstein, 866 A.2d 394, 401 (Pa. Super. 2004). By raising an outrageous number of issues, the majority of which are unrelated to the Court's decision and contain vicious personal attacks and unfounded accusations of wrongdoing against Mother, the Court and Dr. Greenburg, Father has circumvented the meaning and purpose of Rule 1925(b). As Father is

3

representing himself, rather than deeming all matters waived, the Court will address what it can discern to be the matters that Father intended to raise in his Statement.

Father contends that the Court denied him his 14th Amendment rights by sustaining objections to portions of his testimony and refusing to admit into evidence unsubstantiated medical records and studies. A large part of Father's case was directed to proving that the children suffer from severe medical issues which Mother is ignoring or neglecting. Father continues to be obsessed with G████'s weight. He is concerned that C████ is suicidal and overly medicated. Father testified, without any medical support, that G████ has terminal liver disease. Father offered no proper evidence of medical records, nor any appropriate expert report or expert testimony to support his concerns. Rather, Father claimed to be an expert in health care and repeatedly attempted to offer his professional opinion of the children's medical issues. Alternatively, he attempted to introduce his own testimony of what doctors told him. Father repeatedly claimed that the Court was violating his due process rights by sustaining Mother's objections to such evidence. He made no serious attempt to qualify himself as an expert.

Another matter raised by Father is that the Court erred by not granting him physical custody because Mother is an unfit parent. Father contends that Mother either physically abuses them or allows them to be abused by others and that she refuses to acknowledge and address their serious illnesses. There was no evidence whatsoever of any child abuse. The overwhelming evidence established that Mother, a physician, is properly addressing and caring for the children's medical issues. Dr. Greenburg conferred with each of the children's treating

4

physicians identified by Father, including G████'s liver doctor, and all concurred that there are no life-threatening conditions and that Mother is managing their care well. All their doctors gave Dr. Greenburg glowing reports of Mother's care for the children. Dr. Greenburg testified that Mother does an excellent job dealing with the children's medical issues. Father responded to Dr. Greenburg's testimony by challenging his qualifications as an expert and accusing him of violating the law and of fraud. Dr. Greenburg has been qualified as an expert to testify in custody matters in Allegheny County for many years. He has conducted over 100 evaluations. He is unquestionably qualified.

Another matter raised is that the Court failed to find that the children's preference is the result of Mother's efforts to alienate the children from Father for years. Father refuses to accept any responsibility for the children's preference to live with Mother. He blames this entirely on Mother. The Court found the evidence to be the contrary. Despite Father's constant verbal attacks against Mother, his reports to CYF and law enforcement, Mother has done everything in her power to ensure the children have a positive relationship with Father. Father, on the other hand, has openly attacked Mother verbally and involves the children in the custody disputes. Father often verbally abuses Mother.

Dr. Greenburg testified that Mother is going to great lengths not to alienate the children from Father. She encourages them to stay at his house when they want to leave. She does not disparage Father in front of the children. Rather, it is the living conditions at Father's house and his behavior that concerns them. Father's desire to be "right" has driven the children away. They complain that he refuses to listen to them in any way. They begged the Court to keep the custody arrangement at every other weekend as it was more "peaceful", and they can enjoy their friends.

5

The children both explained the reasons for preferring to live with Mother. The interview with the children was nothing short of painful. Father insisted on being in the room, staring at each child during testimony. At first, the children expressed "neutral" reasons for their preference – Father's house was too far from their friends, etc., which the Court presumes is their attempt not to hurt Father. However, when pressed, the children's preference was as strong as the Court has ever seen. Their complaints ranged from the condition of Father's house (the cats urinate on their clothes and other items and Father doesn't seem to care), to Father's sobbing breakdowns about them "leaving him", to Father's refusal to let them spend time with their friends during "his" time. Both children expressed a strong and unequivocal preference to live with Mother for well-grounded reasons

This is a very high conflict case, fueled almost completely by Father's constant litigation, excessive emails, and his demands that Mother accede to his demands for medical tests and procedures for the Children. Mother, on the other hand, has done everything in her power to maintain the peace for the children, turning to the Court only when absolutely necessary, or as occurred in this action, when the children have begged her to go to Court to change custody.

For the foregoing reasons, and for reasons set forth in the Court's September 10, 2019 Background and Order, the Court determined that it was in the best interest of the children to reside primarily with Mother.

BY THE COURT,

Date: 11/4/19

_____J.
Kim D. Eaton, Administrative Judge

6