J-S19016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MEGAN S. SCHEIB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER A. TUCKER | : | |
| | : | |
| Appellant | : | No. 618 EDA 2022 |

Appeal from the Order Entered February 16, 2022
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 0C1800969

BEFORE:  PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JULY 29, 2022**

Appellant, Christopher A. Tucker, appeals from the order entered on February 16, 2022, granting a petition for special relief filed by Megan S. Scheib (Mother) to vaccinate the parties' two minor children[1] against Covid-19.[2]  Upon review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  The parties have a son (born January 2016) and a daughter (born April 2017).

[2] Here, the trial court recognized that an appeal as a matter of right from a collateral order pursuant to Pa.R.A.P. 313 is appropriate because the rights to be reviewed are too important to be denied and Father's claim could be irreparably lost.  **See** Trial Court Opinion, 3/15/2022, at 7-8; **see also** Pa.R.A.P. 313 ("A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.").  We deem our jurisdiction proper.

The trial court summarized the facts and procedural history of this case as follows:

> Since July 2018, [Mother and Father] have been involved in custody litigation. By order dated March 13, 2019, entered pursuant to a stipulation of the parties, [the parties] currently share legal custody of both children. [Mother] has primary physical custody and [Father] has partial physical custody.
>
> Mother filed a petition for special relief on December 8, 2021, seeking court approval for the vaccination of the children [for Covid-19]. The [trial] court conducted an evidentiary hearing on [Mother's] petition on February 1, 2022, at the conclusion of which it held the matter under advisement and directed counsel to [file supporting] briefs[. C]ounsel complied [] and on February 16[, 2022] the [trial] court granted Mother's request that the children be vaccinated and directed that the vaccination of each child be "in accordance with all recommendations of the Centers for Disease Control and Prevention [(CDC)] and the U.S. Food and Drug Administration [(FDA]."
>
> Father filed a notice of appeal and a [corresponding] statement of errors complained of on appeal [pursuant to Pa.R.A.P. 1925(c)] on February 23, 2022. In addition, Father sought a stay [which the trial court granted on] February 25[, 2022] pending appeal. On March 3[, 2022,] Mother filed a motion for reconsideration of [the stay which] the [trial] court denied[.[3] The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 15, 2022.]

Trial Court Opinion, 3/15/2022, at 1-2.

On appeal, Father presents the following issue for our review:

1. Did the trial court err and/or abuse its discretion by granting [Mother's] petition for special relief to have the minor children receive vaccinations for the Covid-19 virus while the vaccines are still under emergency use authorization and have not

_____

[3] In her motion for reconsideration, Mother argued that the parties' older child, who was over the age of five as required for vaccination, had already received the first dose of the vaccine pursuant to the trial court's February 16, 2022 order. *See* Mother's Brief at 5 n.1.

- 2 -

received full approval from the U.S. Food and Drug Administration[?]

Father's Brief at 5 (unnecessary capitalization omitted).

Citing our Supreme Court's decision in **Schmehl v. Weglin**, 927 A.2d 183 (Pa. 2007), Father argues that the Commonwealth's interest in protecting the well-being of children "does not extend to all things that may be beneficial to children nor confer upon the Commonwealth the power to intrude upon the decisions of a fit parent." **Id.** at 8, *citing* **Schmehl**, 927 A.2d at 196. Father claims that there was no evidence that the children's health and safety were in jeopardy and "considering that the vaccine has yet to receive full approval from the FDA, ordering such vaccination may put the children at risk[.]" **Id.** at 9-10. Father points to a publication from the vaccination manufacturer, Pfizer, Inc., dated February 19, 2021, which states, *inter alia*, that "[r]isks and uncertainties include […] the risk that more widespread use of the vaccine will lead to new information about efficacy, safety, or other developments, including the risk of additional adverse reactions." **Id.** at 10 (record citation omitted). Finally, for persuasive value, Father relies on an unpublished decision from this Court, **P.M. v. L.M.**, 1637 MDA 2019 (Pa. Super. 2020) "wherein [this] Court permitted the children in the matter to not receive their vaccinations (baby shots) pursuant to the CDC because one of the parents in that case believed that their first child's death was vaccine-related." **Id.** at 11.

Our standard of review is well-settled:

We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

**S.W.D. v. S.A.R.**, 96 A.3d 396, 400 (Pa. Super. 2014) (internal citations omitted).

Moreover:

[A] broad scope of review should not be construed as providing the reviewing panel with a license to nullify the fact-finding functions of the court of first instance. As an appellate Court, we are empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but may not interfere with those conclusions unless they are unreasonable in view of the trial court's findings, and, thus, represent a gross abuse of discretion. Custody decisions are to be made on the basis of the child's best interests.

\*          \*          \*

It is not this Court's function to determine whether the trial court reached the "right" decision; rather, we must consider whether, "based on the evidence presented, given due deference to the trial court's weight and credibility determinations," the trial court erred or abused its discretion in [making decisions affecting] custody[.]

**King v. King**, 889 A.2d 630, 632 (Pa. Super. 2005) (internal citations and quotations omitted).

Generally, when rendering a decision affecting custody, the trial court is required to examine the sixteen factors under 23 Pa.C.S.A. § 5328(a) of the Child Custody Act to determine the best interests of the children, however,

> [w]e long have recognized that, when parties share legal custody of a child, they may reach an impasse in making decisions for the child that implicate custody. When that happens, the parties turn to the trial court to decide their impasse. *See*, *e.g.*, *Staub v. Staub*, 960 A.2d 848 (Pa. Super. 2008) (deciding between public and home schooling); *Fox v. Garzilli*, 875 A.2d 1104 (Pa. Super. 2005) (ordering that children would attend school in mother's school district); *Dolan v. Dolan*, 548 A.2d 632 (Pa. Super. 1988) (deciding between public and parochial school). This type of court intervention does not affect the form of custody and hence, the 5328(a) best interest factors do not all have to be considered.

*S.W.D*, 96 A.3d at 404. "We emphasize that in all matters affecting custody, the child's best interest is still paramount." *Id.*

In this case, the trial court noted that Mother presented documentary evidence from the CDC regarding its findings pertaining to the Covid-19 vaccine for children between the ages of five and 11. Trial Court Opinion, 3/15/2022, at 2. The CDC found "[t]he Covid-19 vaccine for children is safe and effective [and] undergone rigorous review [] after thorough testing for safety in thousands of children" and "is over 90% effective in preventing Covid-19 in children ages [five] through 11 years." *Id.* at 3. The CDC further found that "vaccine side effects were mild [and t]he most common side effect was a sore arm" which "should go away in a few days." *Id.* The CDC further recognized that "[s]ome people have no side effects and severe allergic reactions are rare." *Id.* Whereas, the literature from the CDC noted that "[c]hildren who are not vaccinated may also be at risk for prolonged Covid-19 in children ages [five] through 11 years." *Id.* Mother also presented the testimony of the children's pediatrician who "testified that he 100% recommends vaccination for these children in accordance with the

recommendations of the American Academy of Pediatrics and the CDC" and "based upon their adherence to the scientific method." *Id.* at 6. Mother also presented the testimony of "an expert in the fields of epidemiology, infectious and vaccine-preventable diseases and vaccines" who opined the children should receive the Covid-19 vaccine. *Id.* Moreover, the expert testified that emergency use authorization for a vaccine "is a matter of the bureaucratic process employed by the FDA before it gives full approval" but "is not a basis for refusing to vaccinate children[.]" *Id.*

Ultimately, the trial court determined that the children should be vaccinated against Covid-19:

> the [trial] court [] analyze[d] the evidence presented to determine the course of action that [was] in [the children's] best interests. The unrefuted credible medical evidence supports the ruling that the children be vaccinated[.]
>
> *       *       *
>
> Both the treating physician and an expert in the field of vaccine-preventable diseases testified to their unequivocal recommendation that the children be vaccinated in accordance with all recommendations of the CDC. The fact that the Pfizer vaccine has received [']emergency use approval['] rather than [']full approval['] does not militate against having the children vaccinated. The evidence shows the risks of harm to the children by not being vaccinated outweigh any possible benefit of waiting until the vaccine has received full approval. Father's misgivings were not substantiated by probative evidence.
>
> The court considered the documentary evidence from the CDC [and] the testimony presented in concluding that it is in the best interests of the children to be vaccinated as stated in the order of February 16, 2022.

*Id.* at 9-10.

- 6 -

Upon review, we discern no error of law or abuse of discretion by the trial court. Initially, we note that Father's reliance on ***Schmehl*** is misplaced, for several reasons. First, the language Father cites comes from the ***Schmehl*** dissent written by Justice Baldwin, which is not controlling. Moreover, the ***Schmehl*** decision dealt with grandparent custody rights which is not at issue herein. Regardless, Father's argument, which focuses upon the Commonwealth's power to intercede in furtherance of its own interest in the safety, welfare, and protection of children, improperly characterizes the nature of the dispute in this case. Here, Mother, a fit parent, was the party who sought to vaccinate the children, not the Commonwealth. Father opposed vaccination. As a result, the parties, who share legal custody of children, reached an impasse in making a medical decision with respect to their children. Mother and Father thus turned to the trial court to decide an impasse that arose between two fit parents. This is not a case which tested the power of a state to take action in furtherance of its own, independent interest in the safety and welfare of children.

Likewise, we reject Father's reliance on this Court's unpublished, non-precedential decision in ***P.M.*** In ***P.M.***, the trial court granted the mother in that matter sole legal custody and she did not want to have her children vaccinated "due to her belief that her first child's death was vaccine-related." ***See P.M.* supra** at *22. However, in that case, the "[m]other introduced evidence that [the f]ather did not object to the [c]hildren remaining unvaccinated prior to the parties' separation and that he was using this issue

- 7 -

as a threat in an attempt to coerce [] settle[ment of] the custody issues" and, furthermore, that the father admitted that "if custody issues were settled, no one had to be vaccinated." *Id.* (record citation omitted). Ultimately, the *P.M.* "[C]ourt left open the option to order vaccination in the future." *Id.* at *23. The unpublished decision is not controlling, but also distinguishable. In *P.M.*, the mother was granted sole legal custody of the parties' children and she did not want the children to be vaccinated based upon her prior experiences. In this case, there was no evidence to support the notion that the children at issue had prior adverse reactions to vaccines. Accordingly, Father's reliance on *P.M.* is unavailing.

Finally, the trial court examined the children's best interests and determined that the evidence presented showed that the health benefits of the children receiving the Covid-19 vaccination outweighed the known, associated risks. Mother presented documentary and testimonial evidence that supported the trial court's decision and this evidence was not contested by Father.[4] Upon our review of applicable law and the certified record in this

---

[4] Recognizing that "in a custody dispute, the best-interests standard is decided on a case-by-case basis and considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being[,]" our decision here is limited to the Covid-19 vaccinations at issue. *R.L. v. M.A.*, 209 A.3d 391, 398 (Pa. Super. 2019) (internal citation and quotations omitted). As set forth at length above and as supported by the certified record, the trial court properly considered documentary evidence from the CDC and the testimony of the children's pediatrician and an expert in epidemiology in rendering its decision. That decision, however, does not foreclose future challenges or impasses between the parties regarding the children's medical care.

matter, we discern no abuse of discretion by the trial court in ordering that the children be vaccinated against Covid-19.

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2022