J-A27007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRANDY SUDOSKY AND ANTHONY SUDOSKY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARISSA ANNE SHIELDS AND ERIC LEE SHIELDS | : | No. 987 MDA 2024 |
| | : | |
| APPEAL OF: RICHARD STOSS | : | |

Appeal from the Order Entered June 5, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
202102594

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: MARCH 21, 2025**

Richard Stoss appeals from the order, entered in the Court of Common Pleas of Luzerne County, denying his petition for unsupervised custody of F.S. (Child) (born 2016).  After our review, we affirm.

Following dependency proceedings in 2020, paternal aunt and uncle, Brandy Sudosky and Anthony Sudosky, obtained custody of Child.  On May 18, 2023, Stoss, who is referred to as Child's grandfather,[1] sought

---

[1] The trial court noted that there is a question as to whether Stoss is biologically related to Child.  **See** Pa.R.A.P. 1925(a) Opinion, 8/13/24, at 2, citing N.T. Hearing, 5/2/24, at 22-24.

intervention and unsupervised physical custody of Child.[2]  Child's parents, Carissa Anne Shields (Mother) and Eric Lee Shields (Father),[3] had also filed a petition for modification on July 6, 2023, seeking shared custody of Child.[4] Child is autistic, with limited verbal skills.

Following a conciliation conference, at which Father did not appear, the hearing officer entered an order on November 28, 2023, by agreement, whereby Stoss and Mother would have supervised physical custody.  A review conference was scheduled for January 23, 2024 and, since no agreement was reached, the matter proceeded to a record hearing.

On April 10, 2024, the hearing officer filed a report and recommendation that would grant Stoss's and Mother's requests for periods of unsupervised partial physical custody of Child.  That same day, the court entered an order scheduling an evidentiary hearing for May 2, 2024, so that the court could determine whether Stoss posed a safety threat or risk to Child in light of his

---

[2] The Sudoskys did not oppose Stoss's petition to intervene, and the trial court entered an order granting Stoss standing to intervene.  **See** Order, 11/13/23. **See also** 23 Pa.C.S.A. §§ 5324(3), 5325 ("Standing for partial physical custody and supervised physical custody.").

[3] Mother and Father are the parents of another child, S.S., who is not a subject of these proceedings.

[4] In their petition, Mother and Father did not indicate whether they were seeking shared legal or physical custody, or both.

participation in sex offender treatment, his prior history,[5] and in light of Child's limited verbal abilities. Pending the hearing, the court suspended Stoss's unsupervised physical custody.

Following the May 2, 2024 hearing, the court entered an order denying Stoss's request for unsupervised visitation.[6] Stoss filed this timely appeal. Both the trial court and Stoss have complied with Rule 1925.

Stoss raises one issue for our review: "Whether the trial court erred in denying [his] petition for unsupervised physical custody of [Child]?" Appellant's Brief, at 6.

In cases under the Child Custody Act, 23 Pa.C.S.A. §§ 5321-5340, our standard of review is as follows:

> This Court reviews a custody determination for an abuse of discretion. We will not find an abuse of discretion merely because a reviewing court would have reached a different conclusion. Rather, appellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias, or ill will.
>
> Further, when this Court reviews a trial court's best interests analysis in custody matters, our scope of review is broad, but we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court. Importantly, on issues of credibility and weight of

---

[5] Stoss had committed a sex offense against a minor when he was in his twenties. **See** Rule 1925 Opinion, **supra** at 5, citing N.T. Hearing, **supra** at 15.

[6] The court also denied Mother's petition for unsupervised visitation. Mother did not appeal.

the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses. We can only interfere where the custody order is manifestly unreasonable as shown by the evidence of record.

*R.L. v. M.A.*, 209 A.3d 391, 395 (Pa. Super. 2019) (citations omitted and formatting altered). "The paramount concern in child custody cases is the best interests of the child." *C.G. v. J.H.*, 193 A.3d 891, 909 (Pa. 2018). "The best-interests standard, decided on a case-by-case basis, considers all factors [that] legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." *M.J.N. v. J.K.*, 169 A.3d 108, 112 (Pa. Super. 2017). Further, the trial court "shall determine the best interest of the child by considering all relevant factors, giving substantial weighted consideration to the factors . . . [that] affect the safety of the child[.]" 23 Pa.C.S.A. § 5328(a). Finally, the court must "delineate the reasons for its decision[.]" *Id.* at § 5323(d).

Stoss argues that an analysis of the statutory custody factors indicates it is in Child's best interests to have unsupervised visits with him. Appellant's Brief, at 32. We disagree.

Essentially, Stoss asks this Court to reweigh the evidence, which we cannot do. Where the court's analysis is supported by the evidence of record, it is not this Court's function to reweigh the statutory factors. In accordance with our well-settled standard of review, we defer to the trial court on issues of weight and credibility. *R.L.*, *supra*. *See K.T. v. L.S.*, 118 A.3d 1136, 1159 (Pa. Super. 2015) ("On issues of credibility and weight of the evidence, we

defer to the findings of the trial judge[,] who has had the opportunity to observe the proceedings and [the] demeanor of the witnesses."). **See also** Rule 1925(a) Opinion, **supra** at 9, citing N.T. Hearing, **supra** at 12 (despite testimony from Lori Feneck, who provided sex offender treatment for Stoss, and testified Stoss completed her course of treatment and was low risk for re-offending, trial court determined evidence of record did not support Feneck's conclusions); **id.** at 5, citing N.T. Hearing, supra at 42-43 (trial court accepted testimony of Jeremy Collins, who supervised custody, and testified he did not feel comfortable recommending unsupervised visitation).

The Honorable Tarah Toohil has authored a well-reasoned opinion, including discussion of relevant law, and has engaged in an analysis of each of the section 5328 custody factors and made specific findings regarding each factor, which the record supports. **See** Rule 1925(a) Opinion, **supra** at 8-11; **see also** Order, 6/5/24, at 2-6 (setting forth specific findings of statutory custody factors); **id.** at 6 (trial court concluding it did not find Stoss credible "regarding his past behaviors and reasons for why he is still currently in Sex Offender Treatment.").[7]

_____

[7] The June 5, 2024 order is mistakenly titled an "interim" order. On July 29, 2024, this Court entered a show cause order directing Stoss to respond as to the finality of the June 5 order. **See** Pa. R.A.P. 341(b)(1) (final order is any order that disposes of all claims and all parties); **see also G.B. v. M.M.B.**, 670 A.2d 714, 715 (Pa. Super. 1996) (custody order is final and appealable after trial court has concluded its hearings on matter and resultant order resolves pending custody claims between parties). On August 8, 2024, Stoss responded, asserting that the order is final, disposing of all claims and all parties. On August 9, 2024, a discharge order was entered.

After a thorough review of the parties' briefs, the applicable law, and the trial court's opinion and order, we discern no abuse of discretion. **R.L.**, **supra**. We, therefore, adopt the trial court's analysis as our own and affirm on the basis of the trial court's opinion. The parties are directed to attach a copy of the trial court's August 13, 2024 opinion and June 5, 2024 order in the event of further proceedings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025