J-S18003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAMON JOHNSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHELSEA ASH | : | No. 132 WDA 2025 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CASEY SPONSLER | : | |

Appeal from the Order Dated January 13, 2025
In the Court of Common Pleas of Bedford County Civil Division at No(s):
No. 174-2022

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY STEVENS, P.J.E.:

**FILED: DECEMBER 18, 2025**

I concur in the affirmance of the shared custody award entered by the trial court.  I write separately to emphasize that both our statutory and common law recognize a presumption in favor of awarding custody of a child to his or her natural parent over a third party. Nevertheless, I am constrained to agree that in this particular case, Father did not show that the trial court abused its discretion in declining to modify the current custody arrangement

---

[*] Former Justice specially assigned to the Superior Court.

in which Father has shared physical custody with Sponsler, a third party with *in loco parentis* standing.

We recognize that "paramount concern in custody cases is the best interests of the child." ***R.L. v. M.A.,*** 209 A.3d 391, 395 (Pa.Super. 2019) (quoting ***C.G. v. J.H.***, 648 Pa. 418, 193 A.3d 891, 909 (2018)). Courts must apply the best-interests standard on "a case-by-case basis [and] consider[] all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." ***R.L.,*** 209 A.3d at 395 (quoting ***M.J.N. v. J.K.***, 169 A.3d 108, 112 (Pa.Super. 2017)).

In evaluating this particular custody dispute, the Majority cites to the statutory presumption set forth in 23 Pa.C.S.A. § 5327 which pertains to cases "concerning primary physical custody" and provides that "[i]n any action regarding the custody of the child between a parent of the child and a nonparent, there shall be a presumption that custody shall be awarded to the parent. The presumption in favor of the parent may be rebutted by clear and convincing evidence." 23 Pa.C.S.A. § 5327. This Court has defined clear and convincing evidence "as presenting evidence that is so clear, direct, weighty, and convincing so as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." ***M.J.S. v. B.B. v. B.B.***, 172 A.3d 651, 660 (Pa.Super. 2017) (citations and internal quotation marks omitted).

This legislation was codified from common law principles which have established a rebuttable presumption in favor of birth parents over third

parties in custody disputes. ***V.B. v. J.E.B.,*** 55 A.3d 1193, 1198–99 (Pa.Super. 2012) (quoting ***Charles v. Stehlik****,* 560 Pa. 334, 744 A.2d 1255 (2000)). Our Supreme Court has explained that:

> where the custody dispute is between a biological parent and a third party, the burden of proof is not evenly balanced. In such instances, the parents have a prima facie right to custody, which will be forfeited only if convincing reasons appear that the child's best interest will be served by an award to the third party. Thus, even before the proceedings start, the evidentiary scale is tipped, and tipped hard, to the biological parents' side.

***Charles***, 560 Pa. at 340, 744 A.2d at 1258.

> Nevertheless, our courts have clarified that:

> These principles do not preclude an award of custody to the nonparent but simply instruct the trial court that the nonparent bears the burden of production and the burden of persuasion and that the nonparent's burden is heavy. ***Jones v. Jones***, 884 A.2d 915, 918 (Pa.Super. 2005). It is well settled, "[w]hile this Commonwealth places great importance on biological ties, it does not do so to the extent that the biological parent's right to custody will trump the best interests of the child. In all custody matters, our primary concern is, and must continue to be, the well-being of the most fragile human participant—that of the minor child." ***Charles***, 744 A.2d at 1259.

***R.L.***, 209 A.3d at 396.

There is no support for Father's assertion that the statutory presumption in favor of biological parents automatically requires an award of primary physical custody to a biological parent that is fit and able to care for his child.

> Once it is established that someone who is not the biological parent is ***in loco parentis***, that person **does not need to establish that the biological parent is unfit**, but instead must establish by clear and convincing evidence that it is in the best interests of the children to maintain that relationship or be with that person.

*Id.* at 396 (quoting *Jones*, 884 A.2d at 917 (emphasis in original)). *See Charles*, 560 Pa. at 341-42, 744 A.2d at 1259 (declining invitation to adopt a standard followed by other states in which "a biological parent will always prevail over a third party in a custody dispute unless there has been an affirmative showing that the biological parent is unfit or has abandoned the child").

In *R.L.*, this Court affirmed the trial court's decision to award shared physical custody to the child's non-biological mother over her biological mother, who were in a same-sex relationship when they conceived the child through artificial insemination, but separated after the child's birth. *R.L.*, 209 A.3d at 396. *See also Charles*, 744 A.2d 1255 (affirming award of primary physical custody to stepfather instead of the child's father after the death of the child's mother); *McDonel*, 762 A.2d 1107 (affirming award of primary physical custody to the child's maternal aunt and uncle over the biological father after the mother's death).[1]

In this case, the trial court recognized the presumption in favor of Father as Child's biological parent, but nevertheless found convincing reasons to award Father and Sponsler shared physical custody of Child. Although the

---

[1] This Court has held that prior to awarding a third party *primary* physical custody of a child instead of the biological parent, the trial court must "decide whether the evidence on behalf of the third party is weighty enough to bring the scale up to even, and even down on the third party's side." *See V.B.*, *supra*, *Charles*, *supra*, *McDonel*, *supra*, *Jones*, *supra*. In comparison, this Court held in *R.L.* that the trial court did not err in awarding *shared* legal custody between the biological parent and a third party when the "scale was tipped to even." *R.L.*, 209 A.3d at 398.

trial court commended Father for seeking to establish a relationship with Child once he confirmed he was Child's father, the trial court emphasized that Child had viewed Sponsler as her father since her birth. The trial court noted that Father conceded Sponsler had a place of importance in Child's life and acknowledged Sponsler has done "a tremendous job as being a step parent." Notes of Testimony, 1/13/25, at 27.

The trial court highlighted that Child may face potential emotional repercussions from the absence of her mother in her life, given that Mother has not sought to have contact with Child and would not be permitted to have unsupervised custody given established safety concerns. Child will benefit from having more time with Sponsler and her half-brother, with whom Child has formed close relationships.

The trial court noted that Child had lived primarily with Sponsler and her half-brother for the majority of her life and was doing well in the school district near Sponsler's home. The trial court felt that it would promote Child's stability for her to remain with Sponsler instead of having to move to a new residence and school with Father who lives approximately twenty minutes away. The trial court also noted that Father has less availability to leave his place of employment to care for Child should she need to be picked up from school with short notice as Father is employed at a business forty-five minutes away from his home. In comparison, Sponsler would be better suited to be available to pick up Child from school when she is sick as he only works five minutes away from her current school.

In reviewing the instant record, I agree that the trial court viewed the specific circumstances presented in this case in light of the rebuttable presumption in favor of Father as Child's biological parent and considered all factors which affected Child's best interests before the trial court denied Father's petition to modify custody. I would note that our decision to affirm the trial court's order does not suggest that Father is in any way unfit to parent Child. In contrast, the record demonstrates that Father is a loving, dedicated parent who cares for Child very much. Nevertheless, I agree with the Majority that Father has not shown that the trial court abused its discretion in maintaining the current shared custody arrangement at this time.