J-A05029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| A.H. | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1434 WDA 2019 |

Appeal from the Order Entered September 10, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  FD 07-008810

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 10, 2020**

A.H. ("Father") appeals *pro se* from the September 10, 2019 order awarding D.D. ("Mother") primary physical custody of their daughters, G.H. and C.H.  We affirm.

Mother and Father married in 2000, separated in 2007, and divorced in 2010.  G.H. and C.H. were born of the marriage in July 2004, and November 2005, respectively.   The trial court summarized the contentious custody litigation as follows:

> The case has a long and tortured history.  Since separation, the parties had followed a 2-2-5-5 schedule with Mother having Monday and Tuesday and Father having Wednesday and Thursday.  Throughout the early periods, the parties had constant disagreements about the children's activities, including payment for the activities.  At some point, the [c]ourt curtailed Father's Sunday nights as there was evidence that the children were having trouble getting ready for school on Mondays.  The original

_____

[*] Retired Senior Judge assigned to the Superior Court.

custody trial was held in October 2016, and January 2017. Following the trial, the [c]ourt kept the physical shared custody order in place but granted Mother sole legal custody for all medical decisions and for educational, and extra-curricular activities. [The Superior Court affirmed the custody order, and our Supreme Court denied review.]

Father filed a Petition for Modification in [s]pring 2018 and a judicial conciliation was held in June 2018. At that time, the Court had grave concerns about Father's mental and emotional health and ordered Dr. Joseph A. Greenburg, [Ph.D.] of Allegheny Forensic Associates to conduct a full psychological evaluation as to Father. Dr. Greenburg had previously done a custody evaluation in this case for the prior trial. Mother filed a Petition for Modification in September 2018 based on the children's constant requests to limit their time with Father. Mother requested an emergency conciliation at that time to address the children's concerns about their custody time with Father. The children were extremely upset with the current custody arrangement and Mother requested that, at least on an emergency basis, the order be changed to Father having custody every other weekend.

The [c]ourt met *in camera* with each child separately. They expressed grave concerns about Father's behavior, including his obsession with their health, his unwillingness to let them spend time with friends, and his refusal to listen to them and consider their opinions. One child relayed sobbing sessions during which Father told them that Mother is "taking the children away from him." Both expressed a strong and unequivocal preference to live primarily with Mother and begged the [c]ourt to make the custody change. The [c]ourt entered an interim order changing Father's custody to every other weekend and set the matter for trial.

. . . Trial of the action was heard on October 29, 2018, December 5, 2018 and June 12, 2019. The children were interviewed on July 2, 2019. Dr. Greenburg filed his psychological evaluation on February 28, 2019. After considering all the testimony and evidence, the [c]ourt determined that it was in the best interest of the children to live primarily with Mother and for Father to have custody every other weekend. On September 10, 2019, the [c]ourt issued its Background and Order setting forth the reasoning for its decision including a detailed discussion of the sixteen custody factors which the [c]ourt is required to consider

when making a custody determination. The vast majority favored Mother.

Trial Court Opinion, 11/4/19, at 1-3 (italics supplied).

Father filed a timely notice of appeal and a Pa.R.A.P. 1925(b) statement that enumerated fifty-five assertions, including subparts, and an exhaustive criticism of the trial court's best-interest determination. The trial court issued a comprehensive opinion that condensed Father's rambling complaints into three manageable issues.

On appeal, Father presents thirty-four declarations, most of which are scurrilous accusations against the trial court, and renews his critique of the trial court's best-interest analysis. Father's brief at 8-13, 24-44. In contrast, Mother argues succinctly, "[t]he trial court carefully considered all testimony and weighed that against the 16 custody factors." Mother's brief at 8.

At the outset, we address whether Father's issues are preserved for our review. An appellant waives all matters for review where he identifies an excessive number of issues in the concise statement. **See Jones v. Jones**, 878 A.2d 86 (Pa.Super. 2005) (holding that a seven-page, twenty-nine issue statement resulted in waiver). While Rule 1925(b)(4)(iv) provides that the sheer number of issues is not sufficient grounds to find waiver "[w]here non-redundant, non-frivolous issues are set forth in an appropriately concise manner[,]" that concession does not negate the requirement that the Rule 1925 statement facilitate appellate review. **See also Kanter v. Epstein**, 866 A.2d 394, 401 (Pa.Super. 2004) (holding that "[b]y raising an outrageous

- 3 -

number of issues" in a Rule 1925(b) statement, an appellant impedes the trial court's ability to prepare an opinion addressing the issues on appeal, thereby effectively precluding appellate review). As outlined *supra*, the trial court was able to distill Father's litany of unfounded complaints into three lucid arguments concerning alleged due process violations, Mother's parental fitness, and parental alienation. Any claim asserted on appeal that is not subsumed within one of the foregoing arguments is waived.

We review the child custody order according to the following scope and standard of review:

> This Court reviews a custody determination for an abuse of discretion. **In re K.D.**, 144 A.3d 145, 151 (Pa. Super. 2016). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." **Id.** (citation omitted). Rather, "[a]ppellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will." **Id**.

**R.L. v. M.A.**, 209 A.3d 391, 395 (Pa.Super.2019).

> Moreover,

> on issues of credibility and weight of the evidence, we defer to the findings of the trial [court] wh[ich] has had the opportunity to observe the proceedings and demeanor of the witnesses.

> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

**A.V. v. S.T.**, 87 A.3d 818, 820 (Pa.Super. 2014) (citations omitted).

After a thorough review of the certified record, the parties' briefs, and the pertinent law, we discern no abuse of discretion on the part of the trial court as to the issues raised by Father, and we affirm the custody order on the basis of the cogent and well-reasoned opinion that the Honorable Kim D. Eaton entered on November 4, 2019.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2020