J-S32033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RANDALL E. HOCKENBERRY, III | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHIANE M. BAKER | : | No. 660 MDA 2023 |

Appeal from the Order Entered April 4, 2023
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2022-01888

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: NOVEMBER 20, 2023**

Appellant Randall E. Hockenberry, III (Father) appeals from the order granting Father and Appellee Shiane M. Baker (Mother) shared legal and partial physical custody of their minor child G.M.N. (Child), Mother primary physical custody, Father partial physical custody, and permitting Mother to relocate from Franklin County, Pennsylvania to Goldsboro, North Carolina. Father argues that the trial court erred by concluding that several custody and relocation factors favored Mother, making gender-biased determinations in the custody and relocation analysis, and rewarding Mother's unilateral decision to relocate from Pennsylvania to North Carolina. We affirm.

By way of background, Father filed a complaint for custody and a petition for special relief on June 15, 2022. Therein, Father alleged that in April of 2022, Mother told Father that she was going to North Carolina with Child on a two-week vacation. Father asserted that Mother had not returned

to Pennsylvania since then and Mother did not allow Father to have contact with Child.

On July 18, 2022, following a hearing, the trial court entered a temporary custody order which granted the parties shared legal custody, Father primary physical custody, and Mother partial physical custody every other weekend. The trial court subsequently modified the July 18, 2022 order to add a holiday schedule and additional provisions regarding custody exchanges and telephone contact with Child.

The trial court held a hearing on March 24, 2023. The trial court heard testimony from Father, Mother, and seven other witnesses. At the conclusion of the hearing, the trial court held its decision under advisement. N.T., 3/24/23, at 213-14. On April 4, 2023, the trial court placed its findings on the record. N.T., 4/4/23, at 2-22. The trial court ordered that the parties would continue to share legal custody, and beginning on June 1, 2023, Mother would have primary physical custody, and Father would have partial physical custody according to the schedule set forth by the court. *Id.* at 22-24; *see also* Trial Ct. Order, 4/4/23, at 1-2 (unpaginated). The trial court also ordered that between 2023 and 2027 Mother would reimburse Father's travel expenses for custody exchanges as well as Father's hotel and food expenses up to $75 per day if Father elects to stay in North Carolina to exercise his partial physical custody of Child during certain holidays between 2023 and 2025. N.T., 4/4/23, at 24-25; *see also* Trial Ct. Order, 4/4/23, at 2-3 (unpaginated).

Father then filed a motion for reconsideration, which the trial court denied on April 17, 2023. Father subsequently filed a timely notice of appeal and a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i), (b). The trial court filed a Rule 1925(a) opinion addressing the issues Father raised in his Rule 1925(b) statement.

On appeal, Father raises the following issues for our review:

1. Did the trial court abuse its discretion by misapplying the facts and testimony to the relevant factors?

2. Did the trial court error by making gender-biased evidentiary determinations and factor analysis?

3. Did the trial court err by rewarding Mother's unilateral decision to relocate and create an incentive for other parents to follow suit?

Father's Brief at 7.

Initially, before addressing the merits of these issues, we must determine whether Father has preserved them for appeal. This Court may raise the issue of waiver *sua sponte*. *See Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007). "The issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary." *Trigg v. Children's Hosp. of Pittsburgh of UPMC*, 229 A.3d 260, 269 (Pa. 2020) (citation omitted).

It is well settled that any issue not raised in a Rule 1925(b) statement is waived on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); *Dietrich v. Dietrich*, 923 A.2d 461, 463 (Pa. Super. 2007) (stating that when an appellant filed a

Rule 1925(b) statement, any issues not raised in that statement are waived on appeal).

Further, this Court has stated:

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

\* \* \*

In essence, the purpose of requiring a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b) is to allow the trial court to easily discern the issues an appellant intends to pursue on appeal and to allow the court to file an intelligent response to those issues in an opinion pursuant to Pa.R.A.P. 1925(a).

*S.S. v. T.J.*, 212 A.3d 1026, 1031-32 (Pa. Super. 2019) (citation omitted and formatting altered).

Moreover, "[i]t is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority." *In re M.Z.T.M.W.*, 163 A.3d 462, 465 (Pa. Super. 2017) (citations omitted); *see also* Pa.R.A.P. 2119(a), (c) (providing that the argument section of an appellate brief shall contain discussion of issues raised therein and citation to pertinent legal authorities and references to the record). "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *M.Z.T.M.W.*, 163 A.3d at 465-66 (citation omitted and formatting altered).

"We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018) (citation omitted). Instantly, Father avers in his brief that the trial court misapplied the facts and testimony relative to relocation factors set forth in 23 Pa.C.S. § 5337(h)(1), (2), (3), (5), (7), and (8), and custody factors set forth in 23 Pa.C.S. § 5328(a)(1), (3), (5), (8), (9), and (10), and asserts that he vehemently objects to and takes issue with certain findings of the trial court, but fails to cite pertinent case law or legal authority to support his arguments. ***See*** Father's Brief at 16-28. Essentially, Father invites this Court to reweigh factual evidence presented at the hearing, which this Court will not do. ***See, e.g.***, ***Wilson v. Smyers***, 284 A.3d 509, 515, 520 (Pa. Super. 2022) (explaining that this Court reviews custody orders for an abuse of discretion and that it is not this Court's role to "re-find facts, re-weigh evidence, and re-assess credibility" (citations omitted)); ***E.R. v. J.N.B.***, 129 A.3d 521, 527 (Pa. Super. 2015) (stating that "with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand" (citation omitted)).

Here, in his Rule 1925(b) statement, Father claimed that the trial court erred in its analysis of 23 Pa.C.S. § 5328(a)(12). ***See*** Father's Rule 1925(b) Statement, 5/4/23, at 1 (unpaginated). Although Father also asserted that "[m]any of the other custody factors weighed in Father's favor[,]" and "[t]he trial court erred in the application of the custody factors to the facts of this

- 5 -

matter[,]" he failed to specify which additional custody or relocations factors he was challenging. **See id.** at 1-2 (unpaginated). Finally, Father did not include his claim that the trial court erred by rewarding Mother's unilateral decision to relocate to North Carolina in his Rule 1925(b) statement. **See id.** Therefore, we conclude that Father has waived his challenges to the trial court's analysis of unidentified custody and relocation factors and his claim that the trial court erred by permitting Mother to relocate with Child to North Carolina. **See** Pa.R.A.P. 1925(b)(4)(vii); **S.S.**, 212 A.3d at 1031-32; **Dietrich**, 923 A.2d at 463.

With respect to Father's remaining claim that the trial court erred in its analysis of the Section 5328(a)(12) custody factor, we must next determine if Father properly developed that claim in his appellate brief. Father argues that "the trial court erred in reviewing trial evidence and testimony, and issuing a factors analysis, that was not gender neutral." Father's Brief at 24. Father's entire argument regarding Section 5328(a)(12) is as follows:

> Lastly, Father believes the trial court's analysis of Custody Factor twelve is not gender neutral because, while the court notes that both parties are able to make childcare arrangements, the trial court also notes that "Mother will be a primary caregiver." [N.T., 4/4/23, at 19-20]. Father believes that the trial court, once again, is deciding a custody factor solely on Mother being a "stay at home mother[,]" **id.** at 7, is clearly not gender neutral.

**Id.** at 27.

Although Father cited to the transcript of the April 4, 2023 hearing where the trial court announced its conclusions regarding the Section 5328(a)

factors, Father has not cited to any evidence in the record to support his claim of gender bias. *See* Pa.R.A.P. 2119(c); *M.Z.T.M.W.*, 163 A.3d at 465-66. This Court will not scour the record to find evidence to support Father's claim. *See Milby*, 189 A.3d at 1079. Therefore, because Father failed to adequately develop this issue for appellate review, it is waived. *See M.Z.T.M.W.*, 163 A.3d at 465-66.

In any event, even if Father had not waived this claim, he would not be entitled to relief. In custody cases under the Child Custody Act (the Act), 23 Pa.C.S. §§ 5321-5340, our standard of review is as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*E.R.*, 129 A.3d at 527 (citation omitted); *see also R.L. v. M.A.*, 209 A.3d 391, 395 (Pa. Super. 2019) (explaining that "appellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will" (citation omitted and formatting altered)). Further, abuse of discretion

is a deferential standard of review, and it is not this Court's role to "re-find facts, re-weigh evidence, and re-assess credibility." **Wilson**, 284 A.3d at 520 (citation omitted).

"When a trial court orders a form of custody, the best interest of the child is paramount." **E.R.**, 129 A.3d at 527 (citation omitted). Section 5328(a) sets forth the best interest factors that the trial court must consider in awarding custody. **See id.**; **see also R.L.**, 209 A.3d at 395.

Section 5328(a) of the Act provides in relevant part:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

\* \* \*

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

23 Pa.C.S. § 5328(a)(12).

Although the trial court is required to give "consideration to those factors which affect the safety of the child" pursuant to 23 Pa.C.S. § 5328(a), this Court has acknowledged that the amount of weight a trial court gives any one factor is almost entirely discretionary. **See M.J.M. v. M.L.G.**, 63 A.3d 331, 339 (Pa. Super. 2013) (stating that "[i]t is within the trial court's purview as the finder of fact to determine which factors are most salient and critical in each particular case" (citation omitted)).

Additionally, the Act provides that "[i]n making a determination under subsection [5328](a), no party shall receive preference based upon gender in any award granted under this [Act]." 23 Pa.C.S. § 5328(b).

Lastly, "an adverse ruling does not establish bias on the part of the judge." *Lewis v. Lewis*, 234 A.3d 706, 721 (Pa. Super. 2020) (citations omitted).

Following our review of the record, we discern no abuse of discretion nor error of law by the trial court. The trial court's factual findings are supported by competent evidence and the trial court's legal conclusions are not unreasonable in light of that evidence. *See E.R.*, 129 A.3d at 527. Further, there is no indication that the trial court's decision was based on bias in favor of Mother because of her gender. *See R.L.*, 209 A.3d at 395; 23 Pa.C.S. § 5328(b). Father, in essence, questions the weight that the trial court gave to the evidence relevant to this custody factor. This Court cannot substitute our judgment for that of the finder of fact. *See Wilson*, 284 A.3d at 520; *E.R.*, 129 A.3d at 527; *M.J.M.*, 63 A.3d at 339. Therefore, even if Father preserved his claim for review, we would affirm based on the trial court's analysis of this issue. *See* Trial Ct. Op., 5/26/23, at 10.

For these reasons, we affirm the trial court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023